**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LAUREL JEFFREY**, | Case No.: 6:22-cv-1427- |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **EMERALD SWIMMING POOLS OF OREGON, dba EMERALD POOL; VANCE NEELY** | Title VII, ORS 659A.030 |
| | <u>*Demand for Jury Trial*</u> |
| Defendants. | |

**INTRODUCTORY STATEMENT**

**1.**

Vance Neely, President of Emerald Swimming Pools of Oregon, sexually harassed Laurel Jeffrey by physically cornering her and telling her about his sexual relationships, questioning her about her sex life, telling her his sexual thoughts about her co-workers and customers, and touching and massaging her shoulders and lower back, among other things. In the years

Page 1 - **COMPLAINT**

preceding Jeffrey's employment, numerous female employees filed complaints with the Oregon Bureau of Labor and Industries (BOLI) reporting Neely's sexual harassment and retaliation, yet there was no policy prohibiting sexual harassment in Defendants' workplace, nor was there any viable mechanism for reporting it. After being subjected to a hostile work environment for over a year, Jeffrey had no alternative but to quit her job. This is an action arising under Title VII and ORS 659A.030, challenging Defendants' sex-based discrimination against Jeffrey.

**PARTIES**

2.

Laurel Jeffrey is a resident of Springfield, Oregon. She is female.

3.

Emerald Swimming Pools of Oregon (hereinafter "Emerald Pool"), doing business as Emerald Pool and Patio, is a domestic business corporation with stores in Eugene and Bend, Oregon.

4.

During the relevant time period, Vance Neely was Owner and President of Emerald Pool.

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to the claims occurred in Lane County, Oregon.

**FACTS**

7.

Defendant Vance Neely hired Laurel Jeffrey as Controller in January 2020. Jeffrey was tasked with running the financial aspects of Emerald Pool's stores.

Page 2 - **COMPLAINT**

**8.**

A few months after Jeffrey began working there, Neely told her about his sex life while they were in the car driving to the company's store in Bend. Neely said, "my ex-wife would just want to ride me for hours." Jeffrey felt very uncomfortable.

**9.**

Following the trip to Bend, Neely began making sexual comments to and in front of Jeffrey on nearly a daily basis. Neely regularly came into Jeffrey's office, which was secluded at the end of a hallway, and talked to her about sex. He also commented on her appearance and the clothes she was wearing. Jeffrey felt extremely uncomfortable and trapped behind her desk.

**10.**

Neely's sexual comments escalated in July 2020, after Neely learned that Jeffrey and her boyfriend had broken up. Neely asked Jeffrey repeatedly about who she was dating. He asked for explicit details about the men, such as penis size. He suggested lubricants that Jeffrey could try. He showed Jeffrey a picture of President Joe Biden with an image of penis super-imposed on his face, where his nose should be. He talked to Jeffrey about incest within his own family. After telling Jeffrey a sexual anecdote, Neely often said: "man's flesh is weak. We are made of flesh and we are weak. I told you what I just told you because I am a man."

**11.**

Neely often massaged Jeffrey's shoulders and put his hand on her lower back. If he was within arm's reach, he usually put his hand somewhere on her body. He pulled his chair very close to hers when they spoke. He criticized and mocked her for wanting to wear a COVID mask in the office, calling it a "diaper." His sexual comments and physical touching made Jeffrey

Page 3 - **COMPLAINT**

extremely uncomfortable. She moved away from him, making her discomfort obvious. She also told him to stop and that he had gone too far. Neely's unwanted behavior continued.

12.

Neely often talked about an employee named Dianne, telling Jeffrey that Dianne would be "fun in bed." He also made sexual comments about Mikeala Schreiber-Hutton, one of the lab techs. Sometime in the fall of 2020, when Schreiber-Hutton walked by, Jeffrey saw Neely turn towards Schreiber-Hutton, lean forward, and make a loud, conspicuous panting sound. He regularly told Jeffrey that Schreiber-Hutton was "such a hottie" and talked to Jeffrey about Hutton's breasts and how big they were. Jeffrey observed Neely rubbing Schreiber-Hutton's shoulders and finding other ways to touch her unnecessarily. Neely also made sexual comments about Emerald Pool's customers in front of Jeffrey.

13.

Neely had a long history of sexually harassing his female employees. On April 14, 2018, former Emerald Pool employee Tanya Risseeuw filed a BOLI complaint alleging sexual harassment. She reported that Neely made sexual comments about her figure, posterior, and clothing; compared her posterior to those of other women; characterized his former wife in a sexually demeaning manner as a "wet hole"; talked with her about his sex life; made comments about horse genitalia and asked her how he could "compete" with it; and called her a "doll" with "all the right parts." Risseeuw reported that Neely told another female employee that she had a nice body and needed to use it to sell his products. When Risseeuw complained to a manager about the harassment, the manager told her that Neely would not change his behavior.

**14.**

On April 17, 2018, Autumn LeeBrick, a former sales manager at Emerald Pool, filed a complaint with BOLI alleging sexual harassment. She reported that Neely inappropriately hugged her and touched her shoulders, made inappropriate comments, showed her a pornographic video, made homophobic comments, and told stories about spanking his wife. LeeBrick told General Manager Stephani Nash about the harassment, but Nash did not address it.

**15.**

On May 1, 2018, Jennifer Blaser, a former controller for Emerald Pool, filed a complaint with BOLI alleging sexual harassment and retaliation. She reported that Neely propositioned her, asked her to get into a hot tub with him, told her she would "fill out" a bikini nicely, and directed other sexual comments at her. She reported that Neely harassed other female employees as well and that manager Stephani Nash knew about the harassment but failed to address it.

**16.**

Even after the BOLI complaints and disclosures from other women, Emerald Pool failed to enact policies prohibiting sexual harassment or establishing a procedure for reporting it. Neither managers nor employees received sexual harassment training. When speaking to Jeffrey, Neely mocked and openly expressed hatred for the "me too" movement, sending a clear message that women who reported sexual harassment at work would be treated as liars.

**17.**

On May 19, 2021, Jeffrey told General Manager Nash that she was quitting her job because of sexual harassment. Manager Nash told Jeffrey that she understood.

Page 5 - **COMPLAINT**

**18.**

On June 25, 2021, Jeffrey filed a Complaint with the Bureau of Labor and Industries. On June 27, 2022, BOLI issued a 90-day Right to Sue Notice.

**FIRST CLAIM FOR RELIEF**
**TITLE VII – 42 U.S.C. SEC. 2000E ET SEQ**
**DISCRIMINATION BECAUSE OF SEX—HOSTILE WORK ENVIRONEMNT**
**(Against Emerald Pool)**

Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

**19.**

Defendant Emerald Pool subjected Jeffrey to unwelcome sex-based harassment that was sufficiently severe and pervasive to alter the conditions of her employment and create a hostile working environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e-2(a)(1).

**20.**

Jeffrey lost valuable wages because of Defendant's discrimination. She also suffered humiliation, injustice, and other emotional distress.

**21.**

Jeffrey is entitled to backpay, front pay and compensatory damages in an amount to be determined by the jury.

**22.**

Defendant's discrimination was intentional or taken in reckless disregard for Jeffrey's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish Defendant and to deter it and others from acting in a similar manner in the future.

**23.**

Jeffrey is further entitled to her reasonable attorney fees and costs.

## SECOND CLAIM FOR RELIEF
### ORS 659A.030 – DISCRIMINATION BECAUSE OF SEX, HOSTILE WORK ENVIRONMENT, AIDING AND ABETTING
**(Against both Defendants)**

Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

**24.**

Defendant Emerald Pool subjected Jeffrey to unwelcome sex-based harassment that was sufficiently severe and pervasive to alter the conditions of her employment and create a hostile working environment in violation of ORS 659A.030. Defendant Vance Neely aided and abetted Emerald Pool's sex-based discrimination.

**25.**

Jeffrey lost valuable wages because of Defendants' discrimination. She also suffered humiliation, injustice, and other emotional distress.

**26.**

Jeffrey is entitled to backpay, front pay and compensatory damages in an amount to be determined by the jury.

**27.**

Defendants' discrimination was intentional or taken in reckless disregard for Jeffrey's rights. Punitive damages in an amount to be determined by the jury should be awarded to punish Defendants and to deter them and others from acting in a similar manner in the future.

**28.**

Jeffrey is further entitled to her reasonable attorney fees and costs.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and award the following relief:

Page 7 - **COMPLAINT**

      1. Declare that Defendants engaged in unlawful sex discrimination against Laurel Jeffrey;

      2. Award back pay to compensate Laurel Jeffrey for lost wages, together with prejudgment interest;

      3. Award front pay to compensate Laurel Jeffrey for lost future earnings;

      4. Award compensatory damages in an amount to be determined by the jury;

      5. Award punitive damages in an amount to be determined by the jury; and

      6. Grant all other relief as this Court deems just and proper.

Respectfully submitted this 22nd, day of September, 2022.

                                              JOHNSON JOHNSON LUCAS & MIDDLETON PC

                                              /s/Caitlin Mitchell
                                              **Caitlin V. Mitchell,** OSB No. 123964
                                              cmitchell@justicelawyers.com
                                              **Jennifer J. Middleton**, OSB No. 071510
                                              jmiddleton@justicelawyers.com
                                              975 Oak Street, Suite 1050
                                              Eugene, OR 97401
                                              Tel: (541) 484-2434
                                              Fax: (541) 484-0882
                                              Attorneys for Plaintiff