IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREL JEFFREY,

                Plaintiff,                                    Civ. No. 6:22-cv-01427-MC

          v.                                          OPINION AND ORDER

EMERALD SWIMMING POOLS OF
OREGON, dba EMERALD POOL,
and VANCE NEELY,

                Defendants.

_____

MCSHANE, Judge:

        Plaintiff Laurel Jeffrey brought this employment action against Defendants, alleging that herself and several other female employees were subject to a hostile work environment and repetitive instances of sexual harassment by Defendant Vance Neely. On March 30, 2023, Plaintiff obtained a stipulated judgment of $25,000 against Defendants and now seeks $24,885 in attorney fees and $1,639 in associated costs. Pl.'s Mot. for Att. Fees and Costs, ECF No. 28. The

1 – OPINION AND ORDER

parties agree that Plaintiff was the prevailing party.[1] However, they do not agree as to the amount of reasonable fees Plaintiff's attorney is entitled to. Defs.' Resp. 1, ECF No. 30.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2017 Economic Survey as the initial benchmark when reviewing fee petitions.[2]

Plaintiff's counsel, Caitlin Mitchell, requests compensation for 66.6 hours (after reducing post-offer of judgment hours[3]) at an hourly rate of $350 per hour, which does not exceed the local legal market rate for similarly experienced attorneys in the lower Willamette valley. Pl.'s

---

[1] Prevailing parties are entitled to reasonable attorney fees and costs under Title VII and ORS 659A.30. *See* 42 U.S.C. § 2000e-5(k); Or. Rev. Stat. § 659A.885(1)-(2).

[2] The economic survey is available at https://www.osbar.org/_docs/resources/econsurveys/17economicsurvey.pdf.

[3] Defendants contend that Plaintiff is not entitled to recover fees incurred after the parties settled because the Offer of Judgment contains a "clear and unambiguous waiver of post-offer attorney fees." Defs.'Resp. 4–5 (quoting *Wright v. Keller Lumber Co*., No. 6:15-CV-01122-AA, 2016 WL 1271670, at *3 (D. Or. Mar. 30, 2016)). Plaintiff's counsel concedes that she is not entitled to post-offer fees. Pl.'s Reply 1, ECF No. 32. Accordingly, Plaintiff's award of attorney fees is reduced by $1,575.

2 – OPINION AND ORDER

Mot. 4–5. Ms. Mitchell spent those hours investigating Plaintiff's claims, filing the Complaint, interviewing witnesses, reviewing documents responsive to discovery, prepping Plaintiff for her deposition, defending Plaintiff's deposition, filing a motion to quash and dealing with other discovery disputes, and engaging in settlement negotiations. Pl.'s Mot. 5.

While Defendants do not contest the hourly rate, they ask this Court to reduce the total number of billed hours, arguing that Ms. Mitchell's billing record is vague, excessive, and unduly repetitive. Defs.' Resp. 5. Under *Hensley*, hours that are not "reasonably expended" or which are "excessive, redundant or otherwise unnecessary" are not compensable. *See Hensley*, 461 U.S. at 434. However, courts "should defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case[.]" *Moreno*, 534 F.3d at 1112. Plaintiff's counsel has demonstrated that she exercised professional judgment by (1) personally reducing any redundant or unnecessary hours, (2) not billing for hours accumulated by a junior associate and a legal assistant, and (3) not billing for hours that another partner in the firm spent on this case. Pl.'s Mot. 6.

Defendant argues that some of Ms. Mitchell's short, non-descript billing entries – such as "email to client," "witness phone call," "conferral with opposing counsel" – provide inadequate documentation to support a finding of reasonableness, and therefore, the Court should reduce those entries by ten percent. Defs.' Resp. 7. However, none of these contested entries were excessive in length; they ranged from 0.1–1 hour. Muñoz Decl. Ex. 1, ECF No. 31. While an entry detailing *three hours* for a "witness phone call," might require a more precise description, the Court has no difficulty determining the reasonableness of a 0.3 hour "witness phone call." An attorney seeking fees is "not required to record in great detail how each minute of [her] time was expended." *Fischer*, 214 F.3d at 1121. In any event, Ms. Mitchell has now provided the Court

3 – OPINION AND ORDER

with detailed descriptions to supplement her more "vague" billing entries. Mitchell Decl. Ex. 1, ECF No. 33. Based on Ms. Mitchell's supplemental documentation, the Court is convinced that the entries are now sufficiently detailed to support a finding of reasonableness.

Defendants also contend that some of the hours Ms. Mitchell spent on this case are duplicative of hours spent simultaneously on Plaintiff Mikeala Schreiber-Hutton's case. Defs.' Resp. 9. Indeed, Ms. Mitchell filed both cases at the same time, relied on the same legal theories, and conducted some aspects of discovery jointly (such as a joint Rule 26 conference). *Id.* Although several billing entries are identical in both cases, Ms. Mitchell explained that "when she spent time on a task that was related to both matters, she allocated half the time to Ms. Schreiber-Hutton's case and half the time to Ms. Jeffrey's case." Pl.'s Mot. 6; Pl.'s Reply 3. The Court is satisfied with this explanation.

Finally, when considering "reasonableness," a "crucial factor" for the district court to consider is the Plaintiff's success or the "results obtained." *Hensley*, 461 U.S. at 436. Here, Ms. Mitchell achieved an excellent result for her client. Not only did she reach a $25,000 settlement for her client – who is one of *several* women that reported sexual harassment at the hands of Defendant Neely– she also successfully secured an agreement from Defendant Emerald Pool to "[1] revise its anti-discrimination and anti-harassment policy; [2] conduct a sexual harassment training for all employees within 90 days; and [3] implement a sexual harassment training program as part of its on-boarding process for new employees." Pl.'s Mot. 4. The Court defers to Plaintiff's counsel's experience and professional judgment, as well as the results she obtained, and finds that her requested fees are reasonable.

## **CONCLUSION**

Plaintiff's Motion for Attorney Fees and Costs is GRANTED in part and DENIED in part. Because Ms. Mitchell is not entitled to fees expended after the parties reached a settlement agreement, her award is reduced by $1,575. The Court hereby awards attorney fees in the amount of $23,310 and costs in the amount of $1,639 to Plaintiff's attorney, Caitlin Mitchell.

IT IS SO ORDERED.

DATED this 21st day of June, 2023.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge